UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:24-cr-289-M-KS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | GOVERNMENT'S REPLY TO |
| v. | ) | DEFENDANT'S RESPONSE TO |
| | ) | THE GOVERNMENT'S |
| VIDAUL RASHAAD REED et al. | ) | MOTION FOR SCHEDULING |
| | ) | PRETRIAL DEADLINES |
| Defendant | ) | |

## PROCEDURAL HISTORY

The Government indicted sixteen defendants in an eight-count indictment charging various offenses including murder, accessory after the fact to murder, attempted murder and witness tampering. [D.E.1]. After multiple initial appearances, the Court set scheduling orders for multiple defendants including Prosperi, Darr, Gardner, Hathaway, Reed, Woodall, Brown, Beasley, Grissom, Cheever, Manor, Starks, Stephens and Strickland. [D.E. 123, 124, 125, 126, 127, 128, 130, 131, 188, 197, 201, 202, 203, 204]. The Government requested additional time to produce discovery and asked for other pretrial deadlines to be held in abeyance. [D.E. 206]. The Court granted the Government's motion and ordered the Government to file proposed scheduling deadlines. [D.E. 212]. Subsequently scheduling orders were set in the two remaining defendants' cases, Robarge and Akins. [D.E. 259, 268]. Given the complexity of the case the Government requested additional time to comply with pretrial scheduling orders with consent of fifteen of the sixteen defendants.

1

[D.E. 269]. The Court granted the Government's motion and ordered the Government to file its motion regarding the pretrial scheduling order by February 3, 2025. [D.E. 272]. The Government filed a proposed pretrial scheduling order on February 3, 2025. [D.E. 292]. Defendants responded in opposition, objecting to the pretrial deadlines and requested that this Court set a deadline for the Government to supersede its indictment in this case. [D.E. 295]. Defendant Beasley filed his own response opposing the Government's Motion, arguing for earlier motions deadlines. [D.E. 294].

## ARGUMENT

I.  **A Potential Superseding Indictment**

The Defendants request "that the Court impose a deadline for any superseding indictment prior to the deadline for completion of discovery and before the deadline for pre-trial motions." [D.E. 295 at 4-5]. They cite no law or code section that allows for such an order.

18 United States Code Section 3161(c)(2), which provides for a defendant's speedy trial rights, states: "Unless the defendant consents in writing to the contrary, the trial shall not commence less than thirty days from the date on which the defendant first appears through counsel or expressly waives counsel and elects to proceed pro se." Courts have not applied this to superseding indictments. *See United States v. Rojas-Contreras*, 474 U.S. 231, 234 (1985); *United States v. Langford*, 771 F. App'x. 521 (4th Cir. 2019) (filing of a superseding indictment does not restart the thirty-day period); *United States v. Ramirez*, 694 F. App'x. 548, 549 (9th Cir. 2017)

2

(as the new charges added did not prejudice the defendant, not plain error to proceed to trial the same day the defendant appeared on the superseding indictment).

There is no law or code section that allows the Defendants to set a deadline akin to their request in their motion or even prevent the Government from superseding within thirty days of trial. The Defendants do, however, have other remedies. If they are prejudiced or need more time to prepare for trial, they may ask for a continuance[1].

The Government is diligently continuing its investigation in the above-captioned case and will make every effort to be aware of any impending trial date and its intention to supersede the current indictment. However, the investigation involves witnesses, legal process, and the coordination of law enforcement resources that are often on a timeline outside of the Government's control – which is the very nature of a criminal investigation. To allow the Defendants in criminal cases to "cut-off" or impose deadlines on investigations onto their own criminal conduct and prevent superseding indictments that hold them accountable for such crimes runs afoul of the criminal justice system in the United States. These Defendants demand something that does not mirror the reality of criminal investigations and has no support in the United States Code, Rules of Criminal Procedure or case law.

---

[1] Defendant Beasley continues to assert what he perceives as his right to speedy trial. Any potential argument concerning a superseding indictment and how that may impact his or any other defendant's right to speedy trial or need for a continuance is speculative as no defendant can show they have suffered actual harm as required by the law interpreting the Sixth Amendment Right to Speedy Trial or 18 U.S.C. §3161 by an indictment that has not been filed.

By contrast, courts often give the government significant leeway to pursue additional charges and investigations for a superseding indictment. *See United States v. Saoud*, 595 Fed. Appx. 182, 185-86(4th Cir. 2014) (Not an abuse of discretion to deny defendant's motion to continue made after government superseded the indictment eight days before trial); *United States v. Punelli*, 892 F.2d 1365, 1371 (8th Cir. 1990) (defendant was not prejudiced by the Courts refusal to grant a continuance when the government filed a superseding indictment fifteen days before trial).

## II.  **Pretrial Motions Deadline**

The Defendants request they receive two months from the Government's discovery deadline to file pretrial motions. [D.E. 295 at 4]. Defendant Beasley filed his own objection to the Government's proposed pretrial motions schedule. [D.E 292]. The objections conflict in their requests for pretrial motions deadlines. The Government respectfully requests that the Court set uniform reasonable deadlines for pretrial motions for all defendants in this Indictment. The Government is prepared to comply with either requested pretrial motions deadline and leaves it to the sound discretion of the Court to determine which set of deadlines would be reasonable in this matter.

4

## CONCLUSION

Wherefore, for the foregoing reasons, the Defendants' collective responses to the Government's Motion for Scheduling Pretrial deadlines should be denied in part and the Court should set one pretrial motions deadline for all defendants.

Respectfully submitted this 14TH day of February, 2025.

        DANIEL P. BUBAR
        Acting United States Attorney

BY:    /s/ Kelly L. Sandling
        KELLY L. SANDLING
        Assistant United States Attorney
        150 Fayetteville Street, Suite 2100
        Raleigh, North Carolina 27601
        Ph. (919) 856-4342
        E-mail: kelly.sandling@usdoj.gov

        /s/ Kelly Pearson
        KELLY PEARSON
        Deputy Chief
        Violent Crime and Racketeering Section
        U.S. Department of Justice
        Washington, DC 20530

CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing Response has this, the 14th day of February, 2025, been served upon the below parties by electronically filing the foregoing with the Clerk of court using the CM/ECF system which will send notification to:

**Elliot Sol Abrams**
Cheshire Parker Schneider, PLLC
P.O. Box 1029
133 Fayetteville St., 4th Floor
Raleigh, NC 27602
919-833-3114
elliot.abrams@cheshirepark.com

**Geoffrey W. Hosford**
Hosford & Hosford, P.C.
P. O. Box 1653
Wilmington, NC 28402
910-251-8333
Email: ghosford@att.net

**Hayes S. Ludlum**
Ludlum Law Firm
P. O. Box 711
Warsaw, NC 28398
910-293-2000
Fax: 910-293-2200
Email: hludlum@ludlumlawfirm.com

**Scott L. Wilkinson**
Scott L. Wilkinson & Associates, P.C.
2802 Anderson Drive, Suite 101
Raleigh, NC 27608-1506
919-614-4944
swilkinson1@nc.rr.com

**Patrick B. Weede**
Weede Law, PLLC
8801 Fast Park Drive Suite 301
Raleigh, NC 27617
919-891-5015
pbweede@weedelaw.com

**Neil Wallace Morrison**
916 East Street #367
Pittsboro, NC 27312
252-902-4936
neil@neilmorrisonlaw.com

**Thomas Reston Wilson**
Greene, Wilson, Crow
401 Middle Street
New Bern, NC 28563
252-634-9400
Email: twilson@nctriallawyer.com

**F. Hill Allen, IV**
Tharrington Smith
150 Fayetteville Street, Suite 1800
Raleigh, NC 27601
919-821-4711
hallen@tharringtonsmith.com

**Myron T. Hill, Jr.**
The Hill Law Firm, P.C.
200 E. 4th St.
Greenville, NC 27858
252-758-1403x247
mhill@hilllawfirmnc.com

**Brett T. Wentz**
Wentz Law, PLLC
401 Chestnut St., Suite C
Wilmington, NC 28401
910-256-8044
brett@brettwentzlaw.com

6

Case 5:24-cr-00289-M-KS    Document 299    Filed 02/14/25    Page 6 of 7

**Joseph E. Zeszotarski, Jr.**
Gammon & Zeszotarski, PLLC
P.O. Box 1127
Raleigh, NC 27602
919-521-5878
jzeszotarski@ghz-law.com

**Marshall H. Ellis**
Hornthal, Riley, Ellis & Maland, LLP
301 East Main Street
Elizabeth City, NC 27909
Telephone: 252-335-0871
Email: mellis@hrem.com

**Michael A. Goldsticker**
Parker Poe Adams & Bernstein LLP
PNC Plaza
301 Fayetteville Street, Suite 1400
Raleigh, NC 27601
919-835-4626
michaelgoldsticker@parkerpoe.com

**William F. Finn , Jr.**
Sandman, Finn & Fitzhugh
7101 Creedmoor Rd., Suite 122
Raleigh, NC 27613
919-845-6688
Email: bill@ccdattorneys.com

**Kelly Margolis Dagger**
Ellis & Winters, LLP
P.O. Box 33550
Raleigh, NC 27636
919-573-1292
Email: kelly.dagger@elliswinters.com

**Joel Merritt Wagoner**
The Wagoner Law Firm, PLLC
401 Chestnut St., Suite K
Wilmington, NC 28401
910-341-4529
Email: wags3reba@yahoo.com

BY:  /s/ Kelly L. Sandling
KELLY L. SANDLING
Assistant United States Attorney
150 Fayetteville Street, Suite 2100
Raleigh, North Carolina 27601
Ph. (919) 856-4342
E-mail: kelly.sandling@usdoj.gov

7

Case 5:24-cr-00289-M-KS    Document 299    Filed 02/14/25    Page 7 of 7